**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 13-02057 BKT |
| | Chapter 13 |
| **RAFAEL FERNANDEZ QUESADA dba POLICLINICA MEDICINA INTEGRAL** | |
| Debtor(s) | FILED & ENTERED ON 11/5/2013 |

## ORDER

Before the Court is the motion to alter or amend judgment filed by creditors MMM Healthcare Inc. ("MMM") and PMC Medicare Choice Inc. ("PMC"), through its administrator MSO of Puerto Rico, Inc., (collectively referred to as "Movants" or "Creditors") [Dkt. No. 110]. For the reasons stated herein, Creditors' motion requesting reconsideration of the September 19, 2013 order is hereby DENIED.

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr. D.P.R. Aug. 29, 2013).

Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994)(citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)). Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the Court. See e.g. Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846

F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977).

In requesting reconsideration, the Creditors aver that there is newly acquired evidence which would allow them to assert recoupment and setoff rights against the Debtor. However, the purported new evidence was submitted to the court thru the amended claim 17, a day prior to the issuance of the September 19, 2013 order. Movants' claim 17 was precisely the subject of the September 19, 2013 order. Creditors can be assured that this Court considers all of the evidence on its docket prior to issuing its decision. Thus, the allegation of newly acquired evidence is meritless. Creditors also failed to present any intervening change in law that would warrant reconsideration. Furthermore, Creditors' motion fails to provide genuine reasons why the court should revisit its prior order. Compelling facts or law in support of reversing the prior decision are also lacking.

In disagreeing with this Court, Creditors merely rehash old arguments. In fact, this behavior is the reason why courts have stressed the importance of judicial economy. See e.g., In re Efron, 495 B.R. 166, 180 (Bankr. D.P.R. 2013) (quoting In re Aledria Corp., 10–12310 BKT, 2013 WL 1619998 (Bankr.D.P.R. Apr. 15, 2013) ("Acting in accordance with the relevant issue resolved at hand, this Court recognizes the latin maxim *Fiat justitia ruat caelum*—let justice be done though the heavens fall—and moves on to the next case to provide justice to the next litigant in line, on a crowded docket.") As such, reconsideration is unjustified.

WHEREFORE, IT IS ORDERED that Creditors' Motion for Reconsideration be, and it hereby is, DENIED.

SO ORDERED

In San Juan, Puerto Rico this 5th day of November, 2013.

Brian K. Tester
U.S. Bankruptcy Judge