**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-02057 BKT** |
| | **Chapter 13** |
| **RAFAEL FERNANDEZ QUESADA** | |
| | **FILED & ENTERED ON 6/3/2014** |
| **Debtor(s)** | |

### OPINION AND ORDER

Before the court is Debtor's motion requesting reconsideration of the April 1, 2014 order [Dkt. No. 218] and the opposition filed by MMM Healthcare, Inc. and PMC Medicare Choice, Inc. ("MMM/PMC", "creditors" or "claimant") [Dkt. No. 223]. Also before the court is Debtor's renewed objection to Claim No. 20 [Dkt No. 220] and creditors' opposition thereto [Dkt No. 227]. For the reasons stated herein, Debtor's request for reconsideration and renewed objection to Claim No. 20 are hereby DENIED.

### I. Background

On April 1, 2014 the court entered an order denying Debtor's objection to Claim No. 20 [Dkt No. 213]. Claim No. 20 seeks to recover damages resulting from the breach of an executory contract. Said claim was allowed as general unsecured. As a result, confirmation of Debtor's amended plan was denied as unfeasible [Dkt No. 213]. The amended plan was insufficiently funded because it failed to take into account Claim No. 20.

In his request for reconsideration, Debtor argues that the letter included by MMM/PMC in support of Claim No. 20 does not constitute evidence of the alleged damages suffered by claimant as

a result of the rejection of the executory contract. Debtor sustains that no evidence of the alleged damages for the rejection of the contract was included in support of Claim No. 20. Debtor further argues that no damages were suffered by MMM/PMC due to the rejection of the contract. Debtor also filed an objection to Claim No. 20 asserting that the claim fails to comply with Fed. R. Bank. P. 3001(c), inasmuch as no evidence of damages was included in support of the claim.

MMM/PMC's limited opposition to Debtor's request for reconsideration and to the renewed objection to Claim No. 20 is that Debtor's arguments were not previously raised, thus waived. Claimants further state that Debtor has not presented a manifest error of law or newly discovered evidence that would merit reconsideration. Nonetheless, MMM/PMC claims that Debtor is rehashing its theories.

Claim No. 20 in controversy, pertains to a damages claim resulting from the rejection of an executory contract between MMM/PMC and Debtor as a medical service provider. The rejection was approved by the court on March 24, 2014 [Dkt No. 205]. In its April 1, 2014 order, the court addressed Debtor's original opposition to the allowance of Claim No. 20, which was grounded on the court previously disallowing Claim No. 17 as a late filed claim [Dkt No. 213]. It was Debtor's position at the time that the arguments (and evidence) presented by MMM/PMC in support of its Claim No. 20 were the same as the ones used in support of Claim No. 17 [Dkt No. 191]. Debtor's contention was that because Claim 17 was disallowed, the court's ruling became the law of the case and prevented the court from further considering the arguments in support of Claim No. 20 [Dkt No. 213]. In his original objection to Claim No. 20, Debtor discussed its rights to terminate the executory contract. However, Debtor challenged the idea that the rejection entailed a resulting damages claim [Dkt No. 213]. In his original objection to Claim No. 20, Debtor never questioned

the validity or adequacy of the evidence in support of Claim No. 20. Now, at reconsideration and renewed objection to Claim No. 20, Debtor questions for the first time the evidence submitted by MMM/PMC in support of its claim [Dkt No. 218 & 220].

## II. Discussion

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr. D.P.R. Aug. 29, 2013).

Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994)(citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)). Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the Court. See e.g. Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977).

The purpose of a motion for reconsideration is to bring to the court's attention newly discovered evidence that was not available at the time of the entry of the order, changes in existing law, or errors in the court's application of the law. The court need not consider arguments raised for the first time in a motion for reconsideration. This court finds that Debtor could have raised the argument of sufficiency of the evidence in support of Claim No. 20 prior to the entry of the April 1,

2014 order, but failed to do so. Nevertheless, Debtor can be assured that this court considered all of the evidence on its docket prior to issuing its determination.

Moreover, Debtor's motion for reconsideration fails to provide convincing reasons why the court should revisit its April 1, 2014 order. Similarly, Debtor offers no compelling facts or law in support of repealing the court's prior decision. Debtor fails to present newly discovered evidence or any intervening change in law. Rather, in disagreeing with this court April 1, 2014 order, Debtor attempts to raise new arguments at reconsideration to sway the courts findings. Debtor's arguments, however, do not warrant reconsideration by this court.

WHEREFORE, IT IS ORDERED that Debtor's motion for reconsideration and renewed objection to Claim No. 20 be, and hereby are, DENIED.

In San Juan, Puerto Rico this 3nd day of June, 2014.

Brian K. Tester
U.S. Bankruptcy Judge